IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GONANNIES, INC., et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:06-CV-0631-L |
| v. | § | |
| | § | |
| GOAUPAIR.COM, INC., et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' Motion for Preliminary Injunction, filed September 15, 2006.[1] Having considered the motion, response, reply, the contents of the appendices submitted by both parties in support of their briefing, Plaintiffs' Verified First Amended Complaint, along with the record and applicable law, the court **denies** Plaintiffs' Motion for Preliminary Injunction.

### I.   Factual and Procedural Background

This lawsuit involves two companies in the domestic personnel staffing industry. Plaintiff GoNannies, Inc. ("GoNannies") is a closely held Texas corporation in the business of matching domestic personnel with families who are in need of such services. Plaintiff Monta Caprise Spooner Fleming ("Fleming") owns 100 percent of GoNannies's stock and is its president. Defendants are GoAuPair Operations, LLC ("GoAuPair Operations"), a domestic personnel staffing company doing

---

[1]The original title of Plaintiffs' motion is "Plaintiffs' Emergency Motion for a Temporary Restraining Order and Preliminary Injunction." By order dated September 19, 2006, the court denied Plaintiffs' Emergency Motion for Temporary Restraining Order and set a briefing schedule for Plaintiffs' Motion for Preliminary Injunction, which is ripe for adjudication.

**Memorandum Opinion and Order – Page 1**

business in Utah, along with its manager, A. William Kapler, III.[2]  The following facts pertinent to resolving Plaintiffs' Motion for Preliminary Injunction are taken from the evidence before the court contained in the parties appendices submitted with their supporting briefs, including affidavits and exhibits, and Plaintiffs' First Amended Complaint, which is verified.[3]

Plaintiffs first used the term "GoNannies" in commerce in July 2003.  Flemming registered the Internet domain name www.gonannies.com on or about July 9, 2003.  Fleming applied for federal registration of the mark "GO NANNIES" on or about July 28, 2003, and the United States Patent and Trademark Office granted her application and registered the mark on August 23, 2005.

In the beginning of 2004, GoAuPair Operations purchased substantially all of the assets of Exploring Cultural and Educational Learning, Inc. ("Exploring Cultural").  Exploring Cultural did business under the names "goAUPAIR" and "goNANI."  Explorer Learning began using "goAUPAIR" and "goNANI" "as trade names for its business as early as 1999. Sometime in 2000, Explorer Learning launched a website at www.gonani.com.  Explorer Learning used the term "goNANI" continuously as part of its print advertising, online advertising and telephone directories. From the time GoAuPair Operations purchased Explorer Learning's assets in early 2004, it has also

---

[2]Kapler has filed a motion to dismiss for lack of personal jurisdiction that is pending before the court. Kapler states that by responding to Plaintiffs' Motion for Preliminary Injunction he is not waiving his jurisdictional arguments. Plaintiffs have also sued and sought injunctive relief against GoAuPair.com, Inc. Defendants, however, have submitted evidence that this entity does not exist.  *See* Declaration of A. William Kapler, III in Opposition to Motion for Preliminary Injunction ¶ 27. Another Defendant, Jacque Bray-Butler, Ph.D., has filed a motion to dismiss for lack of personal jurisdiction, which is pending before the court.  Plaintiffs have not sought injunctive relief against her.

[3]In support of their Motion for Preliminary Injunction, Plaintiffs rely on Plaintiffs' First Amended Complaint, which is verified.  Along with their reply brief, Plaintiffs submitted as evidence the "Declaration of Monta Caprise Spooner Fleming in Support of Plaintiff[s]' Reply to Response to Plaintiff[s]' Motion for Preliminary Injunction" and exhibits attached thereto.  The evidence submitted by Defendants in opposition to Plaintiffs' Motion for Preliminary Injunction includes the "Declaration of A. William Kapler, III in Opposition to Motion for Preliminary Injunction" and exhibits thereto.

**Memorandum Opinion and Order – Page 2**

continuously used the term "goNANI" as part of its print advertising, online advertising and telephone directories, and has continuously used the domain name www.gonani.com.

Defendants have submitted copious documentary evidence that Defendants' and Explorer Learning's use of the term "goNANI" began as early as 1999, many years before Plaintiffs adopted and used the term "Go Nannies." *See generally* Decl. of A. William Kapler, III and Exs. A-P. Such evidence includes, without limitation: records reflecting that the domain name www.gonani.com was registered on December 19, 1999, more than three (3) years before Fleming registered www.gonannies.com (Kapler Decl. ¶ 4 and Ex. A); records reflecting that the website www.gonani.com was online as early as May 2001 (*id.* ¶ 5 and Ex. J); evidence that "goNANI" was registered as a dba in the State of Utah as of April 20, 2000 (*id.* ¶ 8 and Ex. C); goNANI advertising flyers and an advertising brochure from 2002 (*id.* ¶ 16 and Ex. K); and numerous goNANI Employer Background and Information forms from as early as 2001, and fee agreements from as early as 2002 (*id.* ¶¶ 9-14 and Exs. D-I).

On March 1, 2006, Plaintiffs discovered that Defendants were using the name "goNANI." On April 7, 2006, Plaintiffs sued, among others, GoAuPair Operations and Kapler. In their First Amended Complaint, Plaintiffs allege, *inter alia*, that Defendants' use of "goNANI," which they allege is almost identical and confusingly similar to their federally registered trademark, "Go nannies," constitutes trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1051, *et seq.* Plaintiffs also allege unfair competition under the common law, false designation of origin and deceptive trade practices, along with violations of the Anticybersquatting Consumer Protection Act, in connection with Defendants' use of the term "goNANI" and the website www.gonani.com. With regard to Defendants' use of "goNANI" with an ® designation, Plaintiffs have sued Defendants for

**Memorandum Opinion and Order – Page 3**

false advertising and misusing the statutory notice of ® in connection with the unregistered term "goNANI." Defendants have counterclaimed seeking, among other things, cancellation of Plaintiffs' registered "Go Nannies" mark due to Defendants' prior use of "goNANI."

On September 15, 2006, more than six (6) months after discovering Defendants' allegedly infringing use, and more than five (5) months after initially filing this lawsuit, Plaintiffs filed an Emergency Motion for a Temporary Restraining Order and Preliminary Injunction seeking an order from the court barring, among others, Defendants GoAuPair Operations and Kapler from using the term "goNANI" and using the symbol ® in connection with "goNANI." By order dated September 19, 2006, the court denied Plaintiffs' Emergency Motion for Temporary Restraining Order, after considering, among other things, the extensive delay between Plaintiffs' filing of this lawsuit and seeking a temporary restraining order. The court set a briefing schedule for Plaintiffs' Motion for Preliminary Injunction, which is now ripe for adjudication. The facts pertinent to resolve Plaintiffs' Motion for Preliminary Injunction have been taken from the evidence before the court contained in the parties appendices submitted with their supporting briefs, including affidavits and exhibits, and Plaintiffs' First Amended Complaint, which is verified.

## II.     Analysis

### A.     Applicable Legal Standard

There are four prerequisites for the extraordinary relief of a temporary restraining order or preliminary injunction. To prevail, Plaintiffs must demonstrate: (i) a substantial likelihood of success on the merits; (ii) a substantial threat of immediate and irreparable harm for which it has no adequate remedy at law; (iii) that greater injury will result from denying the temporary restraining order than from its being granted; and (iv) that a temporary restraining order will not disserve the

public interest.  *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Authority v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*).  The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted.  *Mississippi Power and Light Co. v. United Gas Pipeline,* 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993.  Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the temporary restraining order or preliminary injunction.

      **B.**      **Plaintiffs' Motion for Preliminary Injunction**

            **1.**      **a substantial likelihood of success on the merits**

In support of their Motion for Preliminary Injunction, Plaintiffs argue that they have a substantial likelihood of prevailing on the merits of their trademark infringement claim since they registered the mark "GO NANNIES" on or about July 28, 2003, and Defendants have since used a nearly identical and confusingly similar name, "goNANI."  In response, Defendants make several arguments.  With regard to Plaintiffs' attempt to enjoin them from using the term "GoNani," Defendants contend that, based on the evidence and applicable law, Plaintiffs have failed to carry their burden of showing a substantial likelihood of prevailing on the merits because the evidence is clear that Defendants were the first to use "goNANI" in nationwide commerce years prior to Plaintiffs' claimed first use in July 2003.  Thus, Defendants contend that the likely outcome is that GoAuPair Operations will prevail against Plaintiffs on its counterclaim for cancellation of the registered "GoNannies" mark.  As to Plaintiffs' attempt to enjoin Defendants from allegedly "misusing the statutory notice of ® in connection with the unregistered term "GoNANI" and from falsely advertising "goNANI®," Defendants contend that in Plaintiffs' Motion for Preliminary

**Memorandum Opinion and Order – Page 5**

Injunction, Plaintiffs only address their claim for trademark infringement under the Lanham Act, and neglect to suggest that the use of the ® designation is causing them harm, much less irreparable harm. Alternatively, Defendants contend that Plaintiffs' delay in seeking injunctive relief defeats any argument that absent an injunction they will be subjected to irreparable harm.

It is black letter trademark law that "it is not the registration, but only actual use of a designation as a mark that creates rights and priority over others . . . [I]n the United States, the rule of priority is that ownership and priority go to the party who was the first to use." J. Thomas McCarthy, McCarthy on Trademarks § 16:1 (West 2006). As stated by the Fifth Circuit:

> *Ownership of trademarks is established by use, not registration.* The first one to use a mark is generally held to be the "senior" user and is entitled to enjoin other "junior" users from using the mark, or one that is deceptively similar to it, subject to the limits of the senior user's market and natural area of expansion.

*Union Nat'l Bank of Texas, Laredo, Texas v. Union Nat'l Bank of Texas, Austin, Texas*, 909 F.2d 839, 842 (5th Cir. 1990) (footnote omitted) (emphasis added).

In this case, as already set forth above (*see supra* at 3), Defendants have presented copious evidence that Defendants' and Explorer Learning's use of the term "goNANI" began as early as 1999, many years before Plaintiffs adopted and used the term "Go Nannies." *See generally* Decl. of A. William Kapler, III and Exs. A-P. Evidence of such extensive prior use, at a minimum, defeats Plaintiffs' argument that it has a substantial likelihood of prevailing on the merits on its claims of trademark infringement under the Lanham Act.[4]

---

[4] The full extent of Defendants' and Explorer Learning's prior use of the term "GoNani" is an issue of fact, and cannot be determined conclusively at this time. The evidence of prior use presented, however, is sufficient to defeat Plaintiffs' Motion for Preliminary Injunction.

**Memorandum Opinion and Order – Page 6**

With regard to Plaintiffs claims relating to Defendants' alleged use of the ® designation in connection with the term "goNANI," as set forth directly below, even if Plaintiffs have established a substantial likelihood of prevailing on the merits, which the court assumes without finding, they have failed to establish that such use is causing them irreparable harm.

### 2.     a substantial threat of immediate and irreparable harm

In support of this prong, Plaintiffs argue that Defendants continued use of the term "goNANI" is "likely to cause confusion among consumers as to the source of the products and services offered in connection with the designation. This substantial likelihood of confusion, by law, results in immediate and irreparable harm." Pl. Mot. at 11 (and cases cited therein). Irreparable harm requires a showing that: (1) the harm to Plaintiffs is imminent (2) the injury would be irreparable and (3) that Plaintiffs have no other adequate legal remedy. *See Chacon v. Granata*, 515 F.2d 922, 925 (5th Cir. 1975). In the Fifth Circuit, "preliminary injunctions will be denied based on a failure to prove separately each of the four elements of the four prong test for obtaining the injunction." *See GTE Card Services, Inc. v. AT&T Corp.*, 1997 WL 74712, *2 (N.D. Tex. Feb. 12, 1997) (Fitzwater, J.), *aff'd*, 124 F.3d 191 (Table Decision) (5th Cir. 1997) (quoting *Plains Cotton Coop. Ass'n of Lubbock, Tex. v. Goodpasture Computer Serv., Inc.*, 807 F.2d 1256, 1261 (5th Cir.) (holding in copyright infringement case that rule of presumed injury upon finding of likelihood of success on the merits is not established in Fifth Circuit, and affirming denial of preliminary injunction where appellant did not persuade district court or circuit court that "any harm stemming from the alleged infringement . . . is not compensable in damages"), *cert. denied,* 484 U.S. 821 (1997)). Similarly, in the context of a claim for trademark infringement under the Lanham Act, the Fifth Circuit has declined to presume the existence of irreparable harm. *Id.* (and cases cited therein).

The Fifth Circuit has stated in a Lanham Act case that "a plaintiff must also show that it will suffer irreparable harm if the injunction is not granted." *Seven-Up Co. v. Coca-Cola Co.*, 86 F.3d 1379, 1390 (5th Cir.1996) (addressing denial of permanent injunction in Lanham Act § 43(a) claim)). In short, even presuming that Plaintiffs had established a substantial likelihood of prevailing on the merits, the court rejects Plaintiffs' argument that a substantial threat of irreparable injury is to be presumed in such a case. The court determines that, as an alternative ground for denying Plaintiffs' Motion for Preliminary Injunction, Plaintiffs have failed to carry their burden of persuasion that their real or threatened injuries cannot be compensated by monetary damages. Plaintiffs have not introduced any evidence of their own to show a threat of irreparable injury which cannot be adequately compensated by monetary damages.

Moreover, even if the Fifth Circuit were to entertain a presumption of irreparable harm under the circumstances presented in this case, the court agrees with Defendants' argument that Plaintiffs' delay in seeking a preliminary injunction rebuts any presumption of irreparable harm. The law is well-established that:

> [D]elay in seeking a remedy is an important factor bearing on the need for a preliminary injunction. Absent a good explanation, a substantial period of delay militates against the issuance of a preliminary injunction by demonstrating that there is no apparent urgency to the request for injunctive relief. Evidence of an undue delay in bringing suit may be sufficient to rebut the presumption of irreparable harm.

*Wireless Agents, L.L.C. v. T-Mobile USA, Inc.*, 2006 WL 1540587, *3 (N.D. Tex. June 6, 2006) (Fitzwater, J.) (internal citations and punctuation omitted). Although Plaintiffs first learned of the alleged infringing conduct on March 1, 2006, and filed this action on April 7, 2006, they nonetheless did not file the present motion seeking injunctive relief until September 15, 2006, and only after

settlement negotiations had soured.[5]  Based on these facts, the court determines, as it did in denying Plaintiffs' request for an emergency temporary restraining order (*see* Order, September 19, 2006), that Plaintiffs' undue delay would be sufficient to rebut any possible presumption of irreparable harm.  *See generally Tough Traveler, Ltd. v. Outbound Prod.*, 60 F.3d 964, 968 (2nd Cir. 1995) (vacating preliminary injunction where movant waited four (4) months to seek a preliminary injunction after filing suit); *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 276 (2nd Cir. 1985) (ten (10) week delay in seeking injunction for trademark infringement undercut claim of irreparable harm); *Boire v. Pilot Freight Carriers, Inc.*, 515 F.2d 1185, 1193 (5th Cir. 1975) (affirming district court's denial of temporary injunctive relief where movant, among other things, delayed three (3) months in making its request).

### III.   Conclusion

For the reasons set forth above, the court **denies** Plaintiffs' Motion for Preliminary Injunction.  As set forth above, Plaintiffs have failed to demonstrate a substantial likelihood of prevailing on the merits and, alternatively, have failed to demonstrate that they will suffer immediate and irreparable injury for which they have no adequate remedy at law.

**It is so ordered** this 7th day of December, 2006.

Sam A. Lindsay
United States District Judge

---

[5] Plaintiffs contend in their reply brief that the delay was caused by counsel for Defendants, who allowed them repeated extension to file pleadings during ongoing settlement discussions which eventually fell through.  Beyond these statements, however, Plaintiffs do not direct the court to evidence that Defendants are responsible for the delay.  In any event, although settlement discussions might entail some delay in seeking injunctive relief, it is difficult to see how they would support Plaintiffs' delay of over six (6) months from the time of learning of the alleged infringing conduct and seeking injunctive relief from the court.

**Memorandum Opinion and Order – Page 9**